*Torres v. The Blackstone Group*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty.

PRESENT:
>       JOHN M. WALKER, JR.,
>       ROBERT A. KATZMANN,
>       RICHARD C. WESLEY,
>               *Circuit Judges.*

_____

Wilfredo Torres,

>               *Plaintiff-Appellant*,

>       v.                                                     19-3202

The Blackstone Group,

>               *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:                      Wilfredo Torres, pro se,
                                              New York, NY

FOR DEFENDANT-APPELLEE:                       Paul Coppe, Dean Dreiblatt,
                                              Rose & Rose, New York,
                                              NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Wilfredo Torres, proceeding pro se, appeals the district court's judgment dismissing his complaint against The Blackstone Group ("Blackstone") without leave to amend. Torres sued Blackstone, alleging that Blackstone owned his apartment complex and had taken various actions to interfere with Torres's pursuit of a separate lawsuit. The district court construed the pleadings as raising due process claims under 42 U.S.C. § 1983; violations of two criminal statutes, 18 U.S.C. § 1512 and 18 U.S.C. § 1708; and state law claims. The district court dismissed the due process claim for failure to state a claim, dismissed the criminal law claims for lack of subject matter jurisdiction, and declined to exercise supplemental jurisdiction over the state law claims. It further denied leave to amend as futile. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Because Mr. Torres has failed to raise and thus waived any argument relevant to the district court's dismissal of his case on appeal, we affirm the judgement. Although "we liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam),[1] pro se appellants nonetheless must comply with Fed. R. App. P. 28(a), which

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

requires, *inter alia*, "appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Thus, despite affording pro se litigants "some latitude in meeting the rules governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se* . . . .").

Here, Mr. Torres's brief does not comply with Fed. R. App. P. 28(a) in several respects, and, rather than challenging the merits of the district court's dismissal, largely reiterates the factual allegations contained in his district-court filings. Even construed liberally, the brief mentions the merits of his due-process claim only "obliquely and in passing," and does not refer at all to the jurisdictional basis for his witness-intimidation and mail-fraud claims. *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013). We thus find that Mr. Torres has waived any challenge to the merits of the district court's dismissal on appeal. *See id.* We also reject Mr. Torres's argument, raised for the first time on appeal, that the district judge had a conflict of interest. We find no support for this contention in the record and, in any event, generally do not consider arguments raised for the first time on appeal. *See Libertarian Party of Conn. v. Lamont*, 977 F.3d 173, 181 n.3 (2d Cir. 2020).

We have considered Torres's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3