20-1289
*Campbell v. We Transport, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

COLLETTE CAMPBELL,

   *Plaintiff-Appellant,*

   v.                                                                  No. 20-1289

WE TRANSPORT, INC., A NEW YORK CORPORATION,
UNIMERICA LIFE INSURANCE COMPANY OF NEW YORK,
A NEW YORK CORPORATION,

   *Defendants-Appellees.*

_____

FOR APPELLANT:                         COLLETTE CAMPBELL, pro se, Bay Shore, NY.

FOR APPELLEES:                         MICHAEL H. BERNSTEIN, Robinson & Cole LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*; Bloom, *M.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 31, 2020, is **AFFIRMED**.

Plaintiff-Appellant Collette Campbell, proceeding pro se, brought this action alleging that, although she incurred expenses paying for her brother's funeral, she was wrongfully denied payment of the proceeds of his life insurance policy. Campbell filed suit under the civil enforcement provision of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, bringing claims against the policy issuer, Defendant-Appellee Unimerica Life Insurance Company of New York ("Unimerica" or "the issuer"), and her brother's former employer, Defendant-Appellee We Transport, Inc. (together, "Defendants").

In a March 2, 2020 report and recommendation, Magistrate Judge Bloom recommended that the district court grant summary judgment to Defendants. In a March 31, 2020 decision, District Judge Brodie adopted the report and recommendation over Campbell's objections and directed that judgment in Defendants' favor be entered. Campbell now appeals.

This Court reviews de novo the district court's grant of summary judgment. *See In re DeRogatis*, 904 F.3d 174, 186 (2d Cir. 2018). Because Campbell is proceeding pro se, we liberally construe her submissions and read them "to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). In this Order, we assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Campbell advances primarily three arguments on appeal. First, she maintains that Unimerica misinterpreted its policy terms to mean that it had discretion to pay her brother's life insurance benefits to his adopted children instead of to his estate, of which she was the administrator. The policy provides in relevant part:

2

> If there is no named beneficiary living at the Covered Person's death, We will pay any amount due to the estate or, at Our option, to his: 1. legal spouse; 2. natural or legally adopted children in equal shares; or 3. estate.

Supp. App'x 17. Campbell argues that Unimerica was not entitled to rely on this provision in support of its payment decision because (1) the provision "applies only where there is 'no named beneficiary *living* at the time'" of the insured's death, and (2) where, as in her brother's case, no beneficiary was ever named, New York law requires the policy proceeds to be paid to the estate. Appellant's Br. 13 (emphasis in original).

Campbell does not dispute that the issuer's acts are subject to review under the arbitrary and capricious standard, and that under this standard a court must uphold the issuer's interpretation so long as it represents a rational construction of the policy language. *See McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008) (explaining that in applying the arbitrary and capricious standard, "[w]here both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the administrator's interpretation must be allowed to control"). We are not persuaded that Campbell presents a reading of the policy language that is equally plausible to that adopted by Unimerica. But, even if she did, we agree with the district court that Unimerica's interpretation of its policy language was rational. Accordingly, its decision to pay Campbell's brother's life insurance benefits to his adopted children was not arbitrary and capricious.

Second, Campbell contends that she was denied the "full and fair review" of her claim that is required by 29 U.S.C. § 1133(2) (employee benefit plans must "afford a reasonable opportunity" to any plan participant "for a full and fair review by the appropriate named fiduciary of the decision denying the claim"). Campbell maintains that Unimerica denied her access to key information in reviewing her claim and unfairly denied her a chance to present her case. Even assuming that Campbell, who is not a plan participant, is qualified to seek relief under § 1133(2), we have no doubt that, under the circumstances presented, she is not entitled to obtain the relief she seeks. This Court has explained that the "typical remedy" for a § 1133(2) violation "is remand for further administrative review," in which the "full and fair review" can be supplied. *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630

(2d Cir. 2008). Where the basis for the benefits determination and all relevant records have been provided through subsequent litigation, as they have here, and the Court is satisfied that the challenged benefits determination was made on a rational basis, the typical remedy of remand would serve no purpose and a suit such as Campbell's seeking relief under § 1133(2) should be denied as futile. *Id.* Accordingly, Campbell's argument under § 1133(2) lacks merit.

Finally, Campbell urges that Defendants should have begun an interpleader action to resolve her dispute with them over her brother's life insurance benefits. This argument, too, is unavailing. As the district court explained in its decision, the fact that Defendants *could have* filed an interpleader action does not mean that they violated their statutory obligations under ERISA when they chose not to do so. Campbell identifies no basis in ERISA for requiring Defendants to pursue such an action.

\* \* \*

We have considered Campbell's remaining arguments on appeal and find in them no basis for reversal. The district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4