21-2201-cv
Schneider v. Mahopac Central School District

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

Jonathan M. Schneider,

*Plaintiff-Appellant*,

v. 21-2201

Mahopac Central School District/Board of Education; Anthony DiCarlo, Dr. Gregory Stowell, Jeffrey Finton, Dr. Bennett Pallant, Leslie Mancuso, Michael Mongon, David Furfaro, Lawrence Keene, Ray McDonough, Lucy Massafra, Marc O'Connor, Adam Savino and Michael Simone, all in their official and individual capacity as Board Members, contracted professionals, and employees of the Mahopac Central School District,

*Defendants-Appellees.**

---

* The Clerk of Court is directed to amend the case caption to conform to the above.

FOR PLAINTIFF-APPELLANT:    JONATHAN M. SCHNEIDER,
                             *pro se*, Mahopac, NY.


FOR DEFENDANTS-APPELLEES:    DEANNA L. COLLINS,
                             Silverman & Associates,
                             White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

*Pro se* Plaintiff-Appellant Jonathan Schneider sued Defendants-Appellees Mahopac Central School District and numerous District employees (together, "MCSD"), alleging that MCSD retaliated against him by ending certain services it had been providing to his disabled son, J.S., after Schneider voiced concerns about MCSD's provision of those services. The second amended complaint, operative here, asserts retaliation claims under the First Amendment and Section 504 of the Rehabilitation Act of 1973 (pursuant to 42 U.S.C. § 1983), a conspiracy claim under 18 U.S.C. § 241, and a claim under the Individuals with Disabilities Act ("IDEA"), *see* 20 U.S.C. § 1400 *et seq.* The district court granted MCSD's motion to dismiss, first finding that it lacked jurisdiction over Schneider's IDEA and retaliation claims because Schneider had not exhausted his administrative remedies under the IDEA. It further found that Schneider did not state a plausible claim under 18 U.S.C. § 241 because, as a private citizen, he cannot prosecute a criminal action in federal court. Schneider now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as

necessary to explain our decision to affirm.

We review *de novo* a district court's grant of a motion to dismiss, *see Bellin v. Zucker*, 6 F.4th 463, 472 (2d Cir. 2021), including a district court's dismissal of a complaint for failure to exhaust administrative remedies, *see Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 105 (2d Cir. 2005). In doing so, we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

As an initial matter, Schneider does not challenge the dismissal of his conspiracy claim or his claim that expressly alleges an IDEA violation, and we therefore do not consider those claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (treating claims abandoned on appeal as waived). We also decline to consider arguments and claims that Schneider raises for the first time on appeal, including that MCSD's alleged retaliatory actions violated the Equal Protection Clause and the Americans with Disabilities Act. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

Schneider's primary argument properly before us on appeal is that the district court erred in determining that he was required to exhaust his First Amendment and Rehabilitation Act retaliation claims using the IDEA's procedures before filing suit in federal court. The IDEA "requires States to provide disabled children with a free appropriate public education." *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 9 (1993) (internal quotation marks omitted). Schools must create an individualized education program ("IEP") for qualifying students to ensure they receive a free appropriate public education ("FAPE"). *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d

3

167, 175 (2d Cir. 2012).

Parents who wish to challenge an IEP in court must first exhaust their administrative remedies pursuant to the IDEA's procedures. To begin, they must file a "due process complaint" with the school district setting forth the IEP's alleged deficiencies. *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 73 (2d Cir. 2014) (citing 20 U.S.C. § 1415(b)(7)(A)). If the alleged deficiencies are not corrected within 30 days, the school district and parents have an "impartial due process hearing" before an Impartial Hearing Officer ("IHO"). *Id.*; 20 U.S.C. § 1415(f)(1). The IHO's decision may be reviewed by a State Review Officer ("SRO"), who may modify or affirm the IHO's order; then, either party may bring a lawsuit in federal court for review of the SRO's decision. *Id.*; *see also R.E.*, 694 F.3d at 175.

In addition to applying to IDEA claims, these exhaustion requirements apply to claims brought under the Americans with Disabilities Act, Rehabilitation Act, and other federal laws protecting the rights of children with disabilities to the extent that those claims "seek[] relief that is also available under" the IDEA. 20 U.S.C. § 1415(*l*). "A plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction." *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483 (2d Cir. 2002).

Schneider does not claim that he followed the IDEA's procedures with respect to his First Amendment and Rehabilitation Act retaliation claims. Instead, he argues that the claims do not seek relief that is available under the IDEA, and, accordingly, he was not required to exhaust them before bringing suit. In *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017), the Supreme Court clarified the framework for determining whether a claim that is not expressly brought under the IDEA is nonetheless subject to the IDEA's exhaustion requirements. The Court explained

4

that "[Section] 1415(*l*)'s exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education. If a lawsuit charges such a denial, the plaintiff cannot escape § 1415(*l*) merely by bringing her suit under a statute other than the IDEA." *Id.* at 754. Under this standard, we must "examine whether a plaintiff's complaint—the principal instrument by which she describes her case—seeks relief for the denial of an appropriate education," scrutinizing the complaint's "substance, not surface." *Id.* at 755.

On review of Schneider's complaint, we conclude that it seeks relief that is available under the IDEA, and therefore that his First Amendment and Rehabilitation Act retaliation claims were subject to the IDEA's exhaustion requirements. Schneider's complaint expressly asserts a claim for a violation of the IDEA. It details his and his wife's efforts over many months to persuade MCSD to understand "how to best accommodate JS's safety *and educational* needs." App'x at 83 (emphasis added); *see also id.* at 86 (explaining how Schneider "reiterat[ed] the disapproval the Plaintiff felt and the failures that MCSD continued to display in handling JS's medical and educational needs"). Schneider complains of MCSD's failure to deliver on "accommodations agreed to in the IEP," *id.* at 87, including "the removal of services JS and Plaintiff were accustomed to and were provided by JS's IEP," and which were removed "without written notice and . . . without consent of a committee meeting," *id.* at 71. He seeks relief stemming from MCSD's termination of accommodations it had agreed to in J.S.'s IEP—relief that is inherently related to whether J.S. was receiving a FAPE, and that a hearing officer would be able to provide.

This analysis is confirmed by considering the two hypothetical questions that the Supreme Court posed in *Fry*: (1) "[C]ould the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library?";

5

and (2) "[C]ould an *adult* at the school . . . have pressed essentially the same grievance?" 137 S. Ct. at 756. When the answer to these questions is no, the Court instructed, "then the complaint probably does concern a FAPE, even if it does not explicitly say so." *Id.*

We agree with the district court that in this case, the answer to *Fry*'s hypotheticals is "no." *See Schneider v. Mahopac Cent. Sch. Dist.*, No. 20-CV-709 (CS), 2021 WL 3887913, at *5 (S.D.N.Y. Aug. 31, 2021). The allegedly retaliatory actions that Schneider focuses on began at a Committee on Special Education meeting and, as noted above, concern the removal of certain aspects of J.S.'s IEP (primarily, provision of a trained, one-on-one aide). Because Schneider's retaliation claims seek relief for changes to J.S.'s IEP—an accommodation that is available only to school children—he would be unable to bring the same claim against a different public facility, and an adult at the school could not have pressed essentially the same grievance. Thus, Schneider was required to exhaust administrative remedies under the IDEA before bringing his First Amendment and Rehabilitation Act retaliation claims in federal court, and the district court correctly dismissed his retaliation claims for lack of jurisdiction. *See, e.g., S.D. by A.D. v. Haddon Heights Bd. of Educ.*, 722 F. App'x 119, 126–27 (3d Cir. 2018) (finding that retaliation claims were subject to IDEA exhaustion procedures). That J.S.'s safety was also an important interest addressed by the accommodations provided through the IEP does not remove Schneider's claims from the proper ambit of the IDEA's exhaustion requirements.

We have considered Schneider's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court