21-1481-cv
*Mercer v. N.Y.C. Hous. Auth.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-two.

PRESENT:  JON O. NEWMAN,
                   JOSÉ A. CABRANES,
                   JOSEPH F. BIANCO,
                             *Circuit Judges.*

————————————————————————

ROBERT MERCER,

                   *Plaintiff-Appellant,*

          v.                                                                           21-1481-cv

NEW YORK CITY HOUSING AUTHORITY,
NYCHA

                   *Defendant-Appellee.*

————————————————————————

**FOR PLAINTIFF-APPELLANT:**          Robert Mercer, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLANT:**          Peter J. Kurshan & Linda M. Brown,
                                                             Herzfeld & Rubin, P.C., New York, NY.

Appeal from a May 11, 2021 order entered by the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 11, 2021 order of the District Court be and hereby is **AFFIRMED**.

Plaintiff Robert Mercer, proceeding without counsel, appeals the District Court's denial of his motion for leave to amend following dismissal of his First Amended Complaint against Defendant the New York City Housing Authority ("NYCHA") for failure to state a claim. Based on a May 2019 NYCHA inspection of his apartment that found the presence of mold, after which he was admitted to the hospital with mild intermittent asthma, Mercer initially alleged a violation of the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3604, which prohibits discrimination by failing to accommodate a handicap. The District Court allowed him to file an amended complaint to more fully set forth the facts and law underlying his claims.

After Mercer filed the First Amended Complaint, in which he added a claim under 24 C.F.R. § 5.703(f), a United States Department of Housing and Urban Development ("HUD") regulation that requires dwelling units to be free of mold, NYCHA moved to dismiss. The District Court granted the motion, holding that Mercer failed to state a claim under the FHAA, that the regulation did not provide a private right of action, and declining to exercise supplemental jurisdiction over what it construed as possible state law claims. *See Mercer v. New York City Hous. Auth.*, No. 19-CV-8842 (LGS), 2021 WL 230124 (S.D.N.Y. Jan. 22, 2021). It allowed him to file a letter stating additional facts that might cure those deficiencies. *Id.* at *5. Instead, Mercer filed a Second Amended Complaint raising an age discrimination claim under the FHAA and again alleging a violation of 24 C.F.R. § 5.703(f). The District Court construed his filing as a motion for leave to amend and, on May 11, 2021, denied it. Mercer now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Mercer's brief does not mention, much less challenge, the dismissal of his disability discrimination claim or possible state law claims. Nor does it mention the age discrimination claim he sought to raise in his proposed Second Amended Complaint; in fact, he explicitly relinquishes his age discrimination claim in his notice of appeal. *See* ECF No. 1, at 4 ("I ask that the courts allow Robert Mercer . . . to amend the second complaint to remove the FHAA claim."). Further, although he continues to argue on appeal that NYCHA violated 24 C.F.R. § 5.703(f), he does not challenge the basis of the District Court's dismissal of that claim, namely, that the regulation does not provide a private right of action.

Accordingly, Mercer has waived any challenge to both the District Court's dismissal of his claims and its denial of leave to amend. While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), "we need not manufacture claims of error for an appellant proceeding *pro se*," *LoSacco v.*

2

*City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).  This is especially true where, as here, a *pro se* litigant "has raised an issue below and elected not to pursue it on appeal."  *Id.*[1]

## CONCLUSION

For the foregoing reasons, therefore, we **AFFIRM** the May 11, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Moreover, the arguments Mercer does raise in his brief — concerning the District Court's failure to set deadlines for discovery and for filing motions in the case management plan — are improperly raised for the first time on appeal, and we decline to consider them.  *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).