21-2748-cv
Smith v. Nassi

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

Florence F. Smith,

> *Plaintiff-Appellant*,

> v.

Bijan Nassi, Alan J. Waintraub, AKA Montrose
Equity Partners LLC, AKA Jemcap Funding, LLC,
> *Defendants-Appellees.*\*

21-2748

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Florence F. Smith, pro se, Brooklyn, N.Y. |
| FOR DEFENDANT-APPELLEE ALAN J. WAINTRAUB, AKA MONTROSE EQUITY PARTNERS LLC, AKA JEMCAP FUNDING, LLC: | Alan J. Waintraub, Kew Gardens, N.Y. |

---

\* The Clerk is respectfully directed to amend the caption accordingly.

**FOR DEFENDANT-APPELLEE BIJAN NASSI:**   Matin Emouna, Emouna & Mikhail, PC, Garden City, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Florence F. Smith, proceeding pro se, challenges the district court's dismissal of her Truth in Lending Act ("TILA") claim as time barred. In her complaint, Smith alleged a fraudulent scheme concerning a lending arrangement with Defendants in connection with the sale and mortgage of real property. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court "review[s] the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A time-bar dismissal at the pleading stage is appropriate when untimeliness is clear from the face of the complaint. *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015).

The district court liberally construed Smith's complaint as raising the strongest arguments it suggested, as it was obligated to do, and interpreted the complaint as alleging that Defendants

had failed to satisfy the disclosure requirements set forth in the TILA.[1]  *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017).  Reading Smith's complaint generously, the district court analyzed Smith's TILA claim and correctly determined that it was time barred. TILA claims based on private actions must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Although Smith's complaint was filed on May 15, 2020, her allegations and the documents attached to the complaint together indicate that none of the complained-of conduct (as opposed to court proceedings based on that conduct) took place after 2016.  Under any relevant measurement, Smith's complaint was not timely filed within one year of the alleged violations.  And to the extent that she discovered the misconduct in 2020 as alleged—which appears to be contradicted, in part, by the other court documents attached to the complaint—an independent review of the record reveals no "reasonable diligence" by Smith in pursuing her TILA claim or "extraordinary circumstances" that would warrant equitable tolling. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (citation omitted).

The district court did not abuse its discretion by denying Smith leave to amend her complaint.  Where "a liberal reading of the complaint gives any indication that a valid claim might be stated," a pro se plaintiff should be given an opportunity to amend the complaint, unless doing so would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).  As explained above, none of Smith's submissions suggests that her TILA claim could be timely or

---

[1] The district court understandably interpreted Smith's complaint as raising a TILA claim. We note, however, that the TILA may not apply to the loans at issue, which Smith describes as being commercial in nature and concerning credit extended to her limited-liability company.  *See* 15 U.S.C. § 1603(1) (exempting "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations").

3

would meet the requirements for equitable tolling.   After providing Smith with the opportunity to address these issues in an order to show cause, the district court thus properly concluded that any amendments that Smith could have made to her complaint would have been futile.

We have considered all of Smith's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.   Smith's motion to file a supplemental brief and her motion requesting a trial are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4