22-1866-cv
*Caldwell v. Officer German Geronimo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

BOISEY CALDWELL,

> *Plaintiff-Appellant*,

> v.                                                                                            22-1866

OFFICER GERMAN GERONIMO,

> *Defendant-Appellee*,

NEW YORK CITY DEPARTMENT OF LAW,
OFFICER GERONIMO GERMAN, SHIELD NO.
11218 POM,

> *Defendants.*

---

FOR PLAINTIFF-APPELLANT:     Boisey Caldwell, pro se, Bronx, NY.

FOR DEFENDANT-APPELLEE:    Melanie T. West, Amy McCamphill, of counsel, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*; Sarah L. Cave, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Boisey Caldwell, proceeding pro se, appeals from a judgment entered following a jury trial as well as multiple, related pre-trial orders. Caldwell was arrested while fishing in Manhattan's Morningside Park. In a civil rights lawsuit, he alleged that officer German Geronimo arrested him without probable cause, engaged in racial profiling, and used excessive force. The district court denied his request to add a *Monell* municipal liability claim to his complaint and granted summary judgment to the officer on all but the excessive force claim because the arrest had been supported by probable cause and there was no evidence of racial profiling. The excessive force claim went to trial with pro bono counsel and the jury returned a verdict for the officer. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## I. *Monell* Claim

Because Caldwell has not successfully alleged an underlying constitutional violation, for the reasons explained below, the district court correctly denied leave to amend his complaint to add a *Monell* claim against City of New York. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

## II. Summary Judgment

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). While we liberally construe pro se pleadings and briefs to raise the strongest arguments they suggest, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam), a party cannot defeat a motion for summary judgment with "conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

3

### a. False Arrest

The district court properly granted summary judgment on the false arrest claim because the arrest was supported by probable cause, and "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (internal quotation marks and citation omitted). Probable cause exists "if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir. 1990).

Here, as the district court determined, there was no genuine dispute that Geronimo had probable cause to arrest Caldwell. Caldwell admitted in his deposition to fishing in the park despite signage indicating there was no fishing allowed, that officer Geronimo told him to stop fishing and to put the fish back, and that he tried to leave with a bucket of fish despite Geronimo's instructions. Caldwell's arguments that the sign was only recently placed there and that it did not apply to fishing with a net (as opposed to a pole) are insufficient to create a genuine issue of material fact on this record. The sign

4

was there during the encounter and would have been reasonably understood to prevent fishing in either form. *Cf. Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (holding that justification for police action can rest on a reasonable, but mistaken, "understanding of the scope of a legal prohibition"). Accordingly, there was probable cause for Geronimo to arrest Caldwell for failing to comply with either park rules or Geronimo's commands. *See* 56 RCNY 1-03(c)(3) ("No person shall fail to comply with or obey any instruction, direction, regulation, warning, or prohibition, written or printed, displayed or appearing on any park sign."), § 1-03(c)(1) ("No person shall fail, neglect or refuse to comply with the lawful direction or command of any member of the Police Department . . . . Violation of this paragraph constitutes a misdemeanor."); *see also Virginia v. Moore*, 553 U.S. 164, 167, 178 (2008) (holding that Fourth Amendment allows officers to make arrest when they "have probable cause to believe that a person has committed a crime in their presence," even when state law directs that crime is not an arrestable offense).

### b. Equal Protection

The record also reveals no genuine dispute of material fact precluding judgment on Caldwell's Equal Protection Clause claim, whether construed as a class-of-one claim or a selective enforcement claim. A selective enforcement claim requires a demonstration that a person was treated differently than others similarly situated based

5

on impermissible considerations, such as race or religion.  *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019).   A class of one claim also requires a comparator and a lack of rational basis for the differential treatment.   *Id.* at 91, 93.

Caldwell did not present evidence that established a genuine issue of material fact as to whether his race or perceived disability motivated the arrest or use of force.   We decline to consider his argument, raised for the first time on appeal, that there was another person violating park rules who was not arrested.   S*ee Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

### III.   Trial

Caldwell makes only one specific argument in his brief about the trial stage, contending that the court failed to identify which constitutional right was implicated in his excessive force claim.   The trial record shows this is wrong, as the jury instructions stated that Caldwell asserted a Fourth Amendment violation.

Caldwell's briefs, even liberally construed, do not challenge the magistrate judge's evidentiary rulings or jury instructions; accordingly, we do not address them on appeal. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (concluding that, despite latitude afforded to him, pro se litigant forfeited argument by

6

only mentioning "substance of the District Court's ruling . . . obliquely and in passing").

Similarly, because Caldwell did not move for judgment as a matter of law, he is "not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998).

## IV.  Other Claims

Caldwell asserts additional causes of action for the first time on appeal and argues that Geronimo's counsel's settlement offers were simultaneously too low and functioned as admissions of liability.   As explained above, we do not generally consider arguments raised for the first time on appeal, and there is no reason to do so here.   *See Greene*, 13 F.3d at 586.

* * *

We have considered all of Caldwell's remaining arguments and find them to be without merit.   Accordingly, we AFFIRM the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The Clerk is directed to seal both versions of Caldwell's opening brief, 2d Cir. 22-1866, docs. 42, 81.   *See* Fed. R. App. P. 25(a)(5) (incorporating Fed. R. Civ. P. 5.2, which requires redaction of full dates of birth).