15-2898-cv
McLeod v. The Jewish Guild for the Blind

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

August Term, 2016

(Argued: March 29, 2017    Decided: July 19, 2017)

Docket No. 15-2898-cv

EASTER S. MCLEOD,

*Plaintiff-Appellant,*

— v. —

THE JEWISH GUILD FOR THE BLIND,

*Defendant-Appellee,*

DR. ALAN R. MORSE, CEO EXECUTIVE OFFICE, GOLDIE DERSH, VIP BEHAVIORAL
HEALTH SERVICES, PSYCHIATRIC CLINIC, MELISSA FARBER, VIP HUMAN RESOURCES,
DONALD DETTMER, PROGRAM COORDINATOR,

*Defendants.*

B e f o r e :

HALL, LYNCH, and DRONEY, *Circuit Judges.*

Plaintiff-appellant, Easter S. McLeod, appeals from a judgment entered by the United States District Court for the Southern District of New York (Pauley and Woods, *JJ*.). This appeal raises the question whether a pro se litigant forfeits her claims under New York state and local discrimination law where she has alleged facts supporting such claims, but fails to check a blank on a form complaint indicating that she wishes to bring them. We conclude that such a bright-line rule runs counter to our policy of liberally construing pro se submissions, and that McLeod's complaint should have been read by the district court to assert claims under New York state and local discrimination law. For the reasons set forth below and in a summary order issued simultaneously with this opinion, the judgment of the district court is VACATED and REMANDED.

———————

ADRIENNE B. KOCH (Elan R. Dobbs and Joseph Weiner, *on the brief*), Katsky Korins LLP, New York, NY *for* Plaintiff-Appellant Easter S. McLeod.

RAVINDRA K. SHAW (Jennifer B. Courtian, *on the brief*), Jackson Lewis P.C., New York, NY *for* Defendant-Appellee The Jewish Guild for the Blind.

———————

PER CURIAM:

Plaintiff-appellant, Easter S. McLeod, appeals from a judgment entered by the United States District Court for the Southern District of New York (Pauley and Woods, *JJ*.). This appeal raises the question whether a pro se litigant forfeits her claims under New York state and local discrimination law where she has alleged facts supporting such claims, but fails to check a blank on a form

complaint indicating that she wishes to bring them. We conclude that such a bright-line rule runs counter to our policy of liberally construing pro se submissions, and that McLeod's complaint should have been read by the district court to assert claims under New York state and local discrimination law as well as under federal law. A summary order issued simultaneously with this opinion addresses the balance of McLeod's claims on appeal. For the reasons stated below and in that summary order, we VACATE the district court's determination that McLeod asserted claims only under federal law, its dismissal of claims against the individual defendants, and its dismissal of McLeod's hostile work environment claim; and REMAND for further proceedings consistent with our rulings.

## BACKGROUND

Proceeding pro se, McLeod filed suit in the Southern District of New York in September 2013, alleging that she was the victim of sexual harassment while employed by defendant-appellee, The Jewish Guild for the Blind ("JGB"). In bringing suit, McLeod used a form discrimination complaint provided by the district court's pro se office that asks litigants to place check marks next to the laws under which they wish to bring their claims. McLeod checked a blank

3

indicating that she wished to bring claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, but did not check blanks corresponding to the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, or the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* McLeod also checked blanks referring to other bases of discrimination, but failed to check the blank for "gender/sex," even though the complaint elsewhere refers to "sexual harassment." A. 34. Appended to the form complaint were McLeod's handwritten allegations detailing her direct supervisor's conduct, which included sexually suggestive remarks as well as comments insinuating that McLeod worked part-time as a prostitute or stripper. The complaint did not name JGB as a defendant, instead naming McLeod's supervisor and three other individual executives of JGB.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court dismissed *sua sponte* McLeod's claims against the individual defendants on the ground that individual defendants cannot be held liable under Title VII, and directed that the caption be amended to name JGB as a defendant. Thereafter, JGB moved for partial judgment on the pleadings. In ruling on the motion, the district court noted that "[o]n her pre-printed complaint form, McLeod indicates that she is suing only

4

under Title VII," Dkt. No. 46 at 3, apparently referring to the fact that McLeod had only checked the blank on the form complaint corresponding to Title VII. The district court then dismissed McLeod's claims based on age, color, and disability, and stated that the case would proceed only with respect to her claims under Title VII on the basis of sex. The district court later dismissed those claims at summary judgment. This timely appeal followed.

## DISCUSSION

As we have repeatedly stated, "[w]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation and quotation marks omitted). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (alterations and internal quotation marks omitted).

Here, had the district court considered McLeod's handwritten factual allegations alone, it would have been required to construe McLeod as having

5

asserted claims under the NYSHRL and NYCHRL.[1] McLeod's allegations clearly suggest claims under the NYSHRL and NYCHRL, which afford protections unavailable under federal law to discrimination plaintiffs who can "plead and prove that the alleged discriminatory conduct had an impact" within the state and city respectively.[2] *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 289 (2010). The NYCHRL, for example, applies a more lenient standard than Title VII to discrimination and hostile work environment claims, *see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013), and the NYSHRL and NYCHRL both provide less stringent statutes of limitations than those applicable under federal law, *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). Moreover, the NYSHRL and NYCHRL permit suits against individual supervisors, which McLeod clearly sought to bring, while Title VII does not. *See Feingold v. New York*, 366 F.3d 138, 157-59 (2d Cir. 2004). As a pro se litigant,

---

[1] If the district court then determined that McLeod had previously filed a complaint with the relevant state or city agencies, any such NYSHRL and NYCHRL claims would be dismissed under election of remedies principles. *See Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013).

[2] That requirement was clearly met in this case, where McLeod alleged in her complaint that she lived in the Bronx, and that the individual defendants worked with her at JGB's office in Manhattan, where the purportedly discriminatory conduct allegedly took place.

6

McLeod could not be expected to understand such fine-grained distinctions between local, state, and federal law, and would "inadvertent[ly] forfeit[] . . . important rights," *Abbas*, 480 F.3d at 639, if the district court were not required to construe her complaint to state claims under the NYSHRL and NYCHRL.[3]

That McLeod used a form complaint provided by the district court's pro se office and failed to check the appropriate blanks should not dictate a contrary result.[4] As we have noted in analogous circumstances, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits

---

[3] The district court appropriately construed other aspects of McLeod's complaint to raise the strongest arguments they suggested. When asked in the form complaint to identify the bases for defendants' discriminatory conduct, McLeod checked only the box for "disability or perceived disability." She did not check the boxes for "age" and "color," but supplied information in the blanks corresponding to those categories. She also failed to check the box for "gender/sex" discrimination and did not supply any information in the blank corresponding to that category. The district court nonetheless construed her complaint to raise discrimination claims on the basis of all four categories, based on her handwritten factual allegations. In addition, the court amended McLeod's caption to assert claims against JGB, as would be proper under Title VII, although McLeod did not name JGB as a defendant. We see no reason to distinguish McLeod's apparent errors with respect to the *source* of her claims from these other errors and omissions, which the district court appropriately corrected on the basis of McLeod's handwritten factual allegations to reflect the appropriate legal bases for her claims.

[4] Of course, if prior to construing McLeod's complaint, the district court had specifically advised McLeod of her ability to seek recourse under the NYSHRL and NYCHRL and she had expressly disavowed any intention to assert claims under those bodies of law, this would be a different case. However, the district court construed McLeod's complaint as not raising such claims without consulting her.

7

of a claim." *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc).

Rather, "[f]actual allegations alone are what matters." *Id.* That principle carries

particular force where a pro se litigant is involved.[5] Accordingly, because

McLeod's factual allegations suggested claims under the NYSHRL and

NYCHRL, the district court was required to construe her complaint as asserting

claims under those laws, even if she failed to check the appropriate blank.[6]

We note that our holding is rooted in our well-worn precedent concerning

a district court's obligation to liberally construe pro se submissions. We do not

expand that obligation here, nor do we purport to task district courts with the

responsibility of scouring obscure bodies of law in order to come up with novel

claims on behalf of pro se litigants. Rather, we conclude that in this case, where

---

[5] We note, moreover, that the form discrimination complaint provided by the Southern District of New York's pro se office has been revised since McLeod filed suit, and that the form discrimination complaints offered by each of the districts in New York differ in various respects. Such circumstantial variations should not dictate the substantive rights of pro se litigants.

[6] Of course, a district court may decline to exercise supplemental jurisdiction over state and local law claims if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Even in such a case, however, the district court's recognition that a complaint asserts state and local law claims can affect a pro se litigant's rights because doing so preserves the timeliness of such claims and permits those claims to be later brought in state court. *See* N.Y. C.P.L.R. § 205(a); *Dunton v. Suffolk Cty., State of N.Y.*, 729 F.2d 903, 911 n.8 (2d Cir. 1984).

McLeod's factual allegations supported claims under the well-known anti-discrimination provisions of the NYSHRL and NYCHRL, our existing precedent required the district court to construe McLeod's complaint as asserting claims under those laws, regardless of her failure to check the appropriate blank on a form complaint.

## CONCLUSION

For the reasons stated above and in the summary order issued simultaneously with this opinion, we VACATE the district court's determination that McLeod asserted claims only under federal law, its dismissal of claims against the individual defendants, and its dismissal of McLeod's hostile work environment claim; and REMAND for further proceedings consistent with our rulings.

9