18-2927-cv
Davila v. Gutierrez et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

-----------------------------------------------------------------

CARLOS DAVILA,

*Plaintiff-Appellant*,

v.                                                                No. 18-2927-cv

PABLO GUTIERREZ, BETH FERTIG, NYDIA VELÁSQUEZ, WNYC 93.9 F.M., ALEXANDRO A. PERAZA, UNITED STATES OF AMERICA, NBCUNIVERSAL MEDIA, LLC,

*Defendants-Appellees*.*

-----------------------------------------------------------------

---

* The Clerk of Court is directed to amend the official caption to conform with the above.

FOR APPELLANT:                    Carlos Davila, *pro se*, Bronx NY.

FOR APPELLEES:                    Jacob Lillywhite, Christopher Connolly, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for* the United States of America and Nydia Velázquez.

Katherine Bolger, Davis Wright Tremaine LLP, New York, NY, *for* Pablo Gutierrez, Beth Fertig, WNYC 93.9 F.M., NBCUniversal Media, LLC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Carlos Davila, proceeding pro se, appeals from a judgment of the District Court (Woods, J.) granting the federal defendants' and media defendants' motions to dismiss Davila's complaint.   Davila's claims arise from the

2

termination of his accreditation to represent individuals in certain immigration proceedings as a non-attorney through the Department of Justice's Recognition and Accreditation Program (R&A Program), and from media reports and public statements by Representative Nydia Velásquez criticizing him and his operation of the non-profit organization through which he offered those immigration services.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the dismissal of claims both for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1), (b)(6); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Doe v. Hagenbeck, 870 F.3d 36, 42 (2d Cir. 2017).   "As we have repeatedly stated, [w]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest."   McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks omitted).

On appeal, Davila principally renews three arguments that he advanced before the District Court.

First, Davila argues that the Government's administrative termination of his accreditation based on eligibility restrictions that took effect in January 2017 was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 551 et seq. The restrictions prohibit individuals who have been found guilty of committing a felony from participating in the accreditation program, 8 C.F.R. § 1292.12(a)(5), and provide for the termination of an individual's accreditation if he or she fails to maintain eligibility, 8 C.F.R. § 1292.17(a). The regulations expressly provide for the termination of an accreditation obtained prior to the regulations' effective date when the accredited individual fails to meet the updated eligibility criteria. See 8 C.F.R. § 1292.16(h)(1). Specifically, Davila contends that the 2017 eligibility restrictions have an impermissible retroactive effect, pointing to an earlier set of regulations that merely required individuals to disclose any post-2000 felony convictions. See 8 C.F.R. § 1003.103(c). We disagree. Before January 2017, Davila was not required to disclose his 1988 felony. After January 2017, Davila is prospectively barred

from participating in the R&A Program if he has been convicted of a felony, regardless of the date of his conviction. As the District Court explained, the older disclosure rules and Davila's compliance with them have no bearing on his disqualification under the current eligibility restrictions. Because it is undisputed that Davila was convicted of a felony, the termination of his accreditation based on these new restrictions is neither arbitrary nor capricious. See N.Y. State Trawlers Ass'n v. Jorling, 16 F.3d 1303, 1310–11 (2d Cir. 1994); see also 5 U.S.C. § 706(2)(A); Islander E. Pipeline Co., LLC v. McCarthy, 525 F.3d 141, 150–51 (2d Cir. 2008).

Second, Davila asserts that the District Court erred in determining that it could not exercise diversity jurisdiction over the remaining state law claims after it dismissed all of Davila's federal claims. Because Davila's complaint and supporting documents did not (and still do not) establish complete diversity of citizenship, we conclude that the District Court's determination was proper. See 28 U.S.C. § 1332(a)(1); OneWest Bank, N.A. v. Melina, 827 F.3d 214, 217–18 (2d Cir. 2016). Nor did the District Court abuse its discretion in thereafter

declining to exercise supplemental jurisdiction over the state claims.   See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172–73 (1997).

Third, Davila argues that the District Court erred in dismissing his motion for default judgment against the media defendants for non-compliance with a Local Rule of the Southern District of New York and against the federal defendants for defective service.   Because Davila does not argue that he was prejudiced by these alleged violations and shows no bad faith on the part of the media or federal defendants, we conclude that the District Court acted within its discretion in denying the motion.   See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999).

Davila raises a number of other arguments for the first time on appeal premised on new claims not contained in his complaint.   He has therefore forfeited those arguments, and we do not consider them here.   See Mago Int'l v. LHB AG, 833 F.3d 270, 274 (2d Cir. 2016); Kendall v. Emps. Ret. Plan of Avon Prods., 561 F.3d 112, 117, 123 (2d Cir. 2009).

We have considered Davila's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court