19-627-cv
*Weinberger v. Town of Fallsburg et al*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty.

PRESENT:  AMALYA L. KEARSE,
           JOSÉ A. CABRANES,
           ROBERT D. SACK,
                    *Circuit Judges.*

---

EDWARD WEINBERGER,

          *Plaintiff-Appellant,*                          19-627-cv

                    v.

TOWN OF FALLSBURG, TOWN OF FALLSBURG CODE
ENFORCEMENT OFFICE, FRANK WERLITZ, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY AS CODE
ENFORCEMENT OFFICER FOR THE TOWN OF
FALLSBURG CODE ENFORCEMENT OFFICE,

          *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**       Edward Weinberger, pro se, Fallsburg, NY.

**FOR DEFENDANTS-APPELLEES:**      Iryna S. Krauchanka, Morris Duffy Alonso & Faley, New York, NY (*for* Town of Fallsburg and Fallsburg Code Enforcement Office); Michael A.

Miranda, Miranda Sloane Sklarin Verveniotis LLP, Mineola, NY (*for* Frank Werlitz).

Appeal from a February 7, 2019 judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant Edward Weinberger, *pro se*, sued the Town of Fallsburg, New York, its Code Enforcement Office, and its employee, Frank Werlitz, under 42 U.S.C. § 1983. He alleged that the Defendants violated his procedural due process rights and took his property without just compensation when they condemned his property without adequate notice. The District Court dismissed the complaint, reasoning in part that Weinberger failed to state a municipal liability claim and that Werlitz was entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

The Defendants argue that Weinberger has failed to challenge the District Court's conclusion that he failed to state a claim for municipal liability and that Werlitz was entitled to qualified immunity. While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam), a *pro se* appellant waives any issue that he fails to argue in his appellate brief, *see LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). Weinberger did not make any arguments on appeal concerning municipal liability or Werlitz's entitlement to qualified immunity. Therefore, he has waived these issues, which are dispositive of his complaint.

## CONCLUSION

We have reviewed all of the arguments raised by Weinberger on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 7, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk