23-109
Collins v. Figura

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

RICARDO COLLINS,

> *Plaintiff-Appellant*,

v.                                                                                          No. 23-109

ILONA FIGURA, KARA PHILLIPS, CYNTHIA L'HEUREUX,

> *Defendants-Appellees*.*

---

*The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**                    Ricardo Collins, pro se, Suffield, CT.

**FOR DEFENDANTS-APPELLEES:**                   Stephen R. Finucane, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert M. Spector, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ricardo Collins, incarcerated and proceeding pro se, accused Defendants-Appellees Dr. Ilona Figura, advanced practice nurse practitioner Cynthia L'Heureux, and nursing supervisor Kara Phillips, of acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution. All three were involved with his treatment after knee surgery. Collins contended that they violated his constitutional rights by not helping him transfer to another prison so that he would have access to the gym equipment needed for rehabilitation exercises that a physical therapist and another doctor had prescribed to him.[1]

The parties consented to proceeding before a magistrate judge, who granted summary judgment to the defendants, reasoning that the evidence showed that they were not deliberately indifferent because Collins had been prescribed alternative exercises that he could complete in his cell. In the alternative, the district court found that the defendants were protected by qualified

---

[1] Collins raised other claims that were resolved before the summary judgment stage. We do not address them, however, as he does not challenge their disposition in this appeal.

2

immunity. *See generally Collins v. Figura*, No. 3:19 CV 1689(RMS), 2023 WL 118495 (D. Conn. Jan. 6, 2023). Collins timely appealed. We otherwise assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

We review a grant of summary judgment de novo. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment is appropriate only if, after resolving all ambiguities and drawing all inferences against the moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 126–27 (quoting *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 566 (2d Cir. 2011)); *see also* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Because Collins proceeds pro se, we liberally construe his filings "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)).

To prevail on an Eighth Amendment claim for deliberate indifference to medical needs, a plaintiff must show: (1) the inadequacies in his medical care were objectively serious (the objective test); and (2) the defendant acted with deliberate indifference to his serious medical needs (the subjective test). *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). The subjective test requires a showing that a defendant "knows of and disregards an excessive risk to [the plaintiff's] health or safety," such as with evidence that "the risk was obvious or otherwise must have been known to a defendant." *Id.* at 164 (citation omitted). But disagreement about proper treatment does not create a constitutional claim if the treatment given is adequate. *Hill v. Curcione*, 657 F.3d 116,

123 (2d Cir. 2011).

As an initial matter, we agree with the district court that no reasonable jury could find, on this record, that the defendants disregarded or interfered with Collins's transfer requests. To the contrary, the record suggests that the defendants tried to help him transfer.

Moreover, assuming that the denial of exercise equipment for Collins's recovery from his knee injury was an objectively serious medical need within the meaning of the Eighth Amendment, we also agree with the district court that Collins failed to demonstrate that the defendants were deliberately indifferent to his serious medical needs. He did not provide evidence that the defendants knew, or must have known, that limiting him to exercises he could do in his cell posed an excessive risk to his health. He provided clinical notes stating that an exercise bike and quad/hamstring equipment would be helpful for him and listing rehabilitation guidelines. However, the same note also stated that the providers had explained to him exercises that he could substitute for those listed on the protocol. The April 6 visit note he provided also listed aquatic therapy and spin bike exercise as part of the guidelines for his condition, as opposed to specifically prescribing them to him as medically necessary. The defendants also provided notes by the physical therapist in March, September, and October 2018 prescribing exercises that did not require a bike, weights, bands, or pool. Therefore, there is no evidence that the risk of limiting physical therapy to home exercises was obvious, or must have been known to the defendants. *See Hill*, 657 F.3d at 123 ("Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking."); *cf. Johnson v. Wright*, 412 F.3d 398, 404 (2d Cir. 2005) (reversing summary judgment granted to prison officials who denied prisoner medication prescribed to him by "every single one" of his physicians).

4

We have considered Collins's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court