23-1116-cv
*Ostrowski v. The Port Authority of NY & NJ*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Bogdan Ostrowski,

> *Plaintiff-Appellant,*

> v.                                                                      23-1116

The Port Authority of New York and
New Jersey,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:                    BOGDAN OSTROWSKI, pro
                                            se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:                     KARLA DENALLI, Port
                                            Authority of New York
                                            and New Jersey Law
                                            Department, New York,
                                            NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Morrison, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Bogdan Ostrowski, pro se, sued his former employer, the Port Authority of New York and New Jersey, claiming it discriminated and retaliated against him and created a hostile work environment because of his age and national origin in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII. The district court converted the Port Authority's motion to dismiss into a motion for summary judgment and granted summary judgment

2

to the Port Authority. The district court held that Ostrowski's claims were time-barred because he did not timely file an EEOC charge within the 180-day limitations period and that, in any event, the claims failed on the merits. We agree with the district court that the claims failed on the merits, so we need not address the issue of timeliness.

We review a grant of summary judgment de novo. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013). Summary judgment may be granted only if, with all ambiguities resolved and all inferences drawn against the moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). Because Ostrowski is proceeding pro se, we liberally construe his filings "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I

Ostrowski argues that the district court improperly converted the Port Authority's motion to dismiss into a motion for summary judgment. We disagree. The conversion was proper because Ostrowski was provided with notice and a reasonable opportunity to present all materials pertinent to the motion.

"When a district court converts a motion to dismiss into one for summary judgment, '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (quoting Fed. R. Civ. P. 12(d)). "The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Id.* (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985)).

Here, the Port Authority and the district court advised Ostrowski of the possibility and consequences of conversion. The Port Authority did so in its motion to dismiss, and the district court did so at an in-person hearing on that motion. At the hearing, the district court explained to Ostrowski that the Port

4

Authority had requested to convert the motion to one for summary judgment, and the district court specifically asked him whether he wished to submit additional evidence for the court to consider. In response, Ostrowski submitted a USB stick containing video and audio files in support of his claims. Accordingly, Ostrowski was not deprived of a reasonable opportunity to present materials pertinent to his claims.[1]

## II

The district court correctly held that Ostrowski's claims, even if timely, failed on the merits.

Title VII and ADEA claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105-06 (2d Cir. 2010). "Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. Once this burden is met, the defendant must then articulate some legitimate, nondiscriminatory reason for its

---

[1] Ostrowski notes that he did not accede to the Port Authority's request to convert the motion to dismiss into a motion for summary judgment. However, Rule 12(d) does not require a non-moving party's affirmative consent for conversion; it requires only adequate notice and an opportunity to respond. *See* Fed. R. Civ. P. 12(d).

5

action. … When the employer meets its burden, the plaintiff can no longer rely on the prima facie case, but must prove that the employer's proffered reason was a pretext for discrimination." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014) (internal quotation marks and citations omitted). For ADEA claims, a plaintiff must prove "that age was the but-for cause of the challenged adverse employment action and not just a contributing or motivating factor." *Gorzynski*, 596 F.3d at 106 (internal quotation marks omitted).

Ostrowski's Title VII claim fails because his allegations do not suggest that he was discriminated against on the basis of his national origin. Ostrowski's ADEA claim fails because, even assuming he can assert a prima facie case of age discrimination, he cannot prove that his age was the but-for cause of the adverse employment actions. As the district court explained, the record shows that "for over a decade prior to filing his EEOC charge, the parties' employment relationship was fraught with conflict." *Ostrowski v. Port Auth. of NY & NJ*, No. 21-CV-3328, 2023 WL 4975960, at *3 (E.D.N.Y. Aug. 3, 2023). Ostrowski concedes, for example, that he was suspended without pay after calling his supervisor a liar.

6

Ostrowski does identify instances that show, he argues, that senior employees were treated worse than younger employees. He asserts that younger employees were not disciplined for insulting the supervisor and that there were three "senior" employees who were "forced out" of employment. Appellant's Br. 32. However, he does not provide any additional context about the termination of those employees. These allegations are therefore too vague to establish that age was the but-for cause of the Port Authority's actions. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) ("Although [the plaintiff] provides the names and positions of several executives who were fired or otherwise forced out, he offers no details that would support any inference of age discrimination, such as the executives' ages or the dates and stated reasons for their terminations. This vague allegation thus lacks facial plausibility.").

## III

We reject Ostrowski's assertions that the district judge was biased against him. His arguments rely on the fact that the district judge ruled against him, but an adverse ruling does not itself constitute evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

7

\*     \*     \*

We have considered Ostrowski's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8