*Rivera v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-four.

PRESENT:
>        AMALYA L. KEARSE,
>        RICHARD J. SULLIVAN,
>        BETH ROBINSON,
>               *Circuit Judges*.

_____

JACINTO RIVERA,

>        *Plaintiff-Appellant*,

>        v.                                                        No. 23-7522

UNITED STATES, U.S. GOVERNMENT, THE
UNITED STATES, U.S. PRESIDENT JOSEPH R.
BIDEN, JR., THE BIDEN-HARRIS
ADMINISTRATION, VICE PRESIDENT KAMALA
HARRIS, NATIONAL INSTITUTE OF ALLERGY

AND INFECTIOUS DISEASES (NIAID), NATIONAL INSTITUTE OF HEALTH (NIH), U.S. DEPARTMENT OF THE TREASURY, SOCIAL SECURITY ADMINISTRATION, THE STATE OF NEW YORK, THE CITY OF NEW YORK, THE CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC), U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES (HHS), U.S. DEPARTMENT OF HOMELAND SECURITY (DHS), UNITED STATES HOUSE OF REPRESENTATIVES, UNITED STATES SENATE,

*Defendants-Appellees*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | JACINTO RIVERA, *pro se*, Brooklyn, NY. |
| **For Defendants-Appellees United States, U.S. Government, The United States, U.S. President Joseph R. Biden, Jr., The Biden-Harris Administration, Vice President Kamala Harris, National Institute of Allergy and Infectious Diseases (NIAID), National Institute of Health (NIH), U.S. Department of the Treasury, Social Security Administration, The Centers for Disease Control and Prevention (CDC), U.S. Department of Health and Human Services (HHS), U.S. Department of Homeland Security (DHS), United States House of Representatives, United States Senate:** | KIMBERLY FRANCIS (Varuni Nelson, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

| | |
|---|---|
| **For Defendant-Appellee State of New York:** | DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY. |
| **For Defendant-Appellee City of New York:** | Ingrid R. Gustafson, Susan Paulson, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Orelia E. Merchant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's October 11, 2023 judgment is **AFFIRMED**.

Plaintiff Jacinto Rivera, proceeding *pro se*, appeals from the district court's *sua sponte* dismissal of his action for lack of standing. In his amended complaint, Rivera challenges a wide range of local, state, and federal policies, laws, and orders on matters such as the "mismanagement" of Social Security funds, gun licensing requirements, immigration and the "border crisis," "noncitizens [being granted] the right to vote," "election integrity," COVID-19 mask and vaccination mandates, foreign aid to Ukraine, and the United States' 2021 withdrawal from Afghanistan.

Dist. Ct. Doc. No. 8 at 5, 7, 11, 22–23, 32–33, 39. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's dismissal of a complaint for lack of standing under Article III *de novo*, meaning without deference to the district court's conclusions. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014). Because Article III standing goes to a federal court's subject-matter jurisdiction, "it can be raised *sua sponte*." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists."). "The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that [he] has standing to sue." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015) (alterations accepted and internal quotation marks omitted). Because Rivera is proceeding *pro se*, we construe his papers liberally, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact "must be concrete and particularized, as well as actual or imminent," rather than "conjectural or hypothetical." *Carney v. Adams*, 592 U.S. 53, 58 (2020) (internal quotation marks omitted). Moreover, "a grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an injury in fact." *Id.* (internal quotation marks omitted).

After reviewing the amended complaint, we agree with the district court that the overwhelming majority of Rivera's allegations state only "generally available grievance[s] about government" and thus fail to support a finding of any concrete, particularized injury. *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks omitted). For example, as Rivera acknowledges on appeal, he seeks to "hold accountable" the federal government and its officials for their "mismanagement" of Social Security funds, economic support of foreign countries, and immigration policies, which he asserts will "cost tax payers billions of dollars" and lead to future reductions in benefits for Social Security recipients.

5

Rivera Br. at 28, 47. Thus, instead of alleging "personal and individual" harms, Rivera repeatedly pleads "abstract general interest[s] common to [most or] all members of the public," which do not give rise to any cognizable injury in fact. *Carney*, 592 U.S. at 60 (internal quotation marks omitted); *see, e.g.*, *United States v. Richardson*, 418 U.S. 166, 176–77 (1974).

Rivera contends that he did suffer concrete, particularized injuries caused "by the policies, actions, orders, guidance, directions, mandates, passed by some of the defendants" in connection with the COVID-19 pandemic, which he alleges forced him into home confinement and prevented him from obtaining proper medical treatment and from traveling to visit his aunt during the summer of 2020 before she passed away later that year. Rivera Br. at 24–25.[1] But even assuming that these allegations are sufficient to plead an injury in fact, the amended complaint falls short of plausibly stating a "causal connection between the injury and the conduct complained of." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also id.* (explaining that an injury cannot be "the result of the independent action

---

[1] Rivera made similar arguments in his response to the magistrate judge's September 25, 2023 order to show cause why the action should not be dismissed for lack of standing. *See* App'x at 71–74. While it does not appear that the district court considered Rivera's response in dismissing his action, we conclude that such dismissal was nevertheless appropriate for the reasons set forth in this order.

of some third party not before the court" (alterations accepted and internal quotation marks omitted)). Rivera's allegations as to causation are entirely conclusory: He does not identify or explain the specific policies or mandates that allegedly injured him, or how they actually prevented him from leaving his home, receiving medical treatment, or traveling. Without more, Rivera provides only "unadorned speculation" to "connect [his] injury to the challenged actions," which is insufficient to establish Article III standing. *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 44–45 (1976); *see, e.g.*, *Heidel v. Governor of N.Y. State*, No. 21-2860, 2023 WL 1115926, at *2 (2d Cir. Jan. 31, 2023) (affirming dismissal for lack of standing where plaintiffs failed to "connect the dots" between city pandemic policies and their business closures).

Finally, Rivera devotes a significant portion of his briefs to arguing that he properly served the defendants with the summons and amended complaint. But the district court did not dismiss his action for failure to properly serve the defendants, and we have no occasion to reach the issue given the jurisdictional infirmities with the amended complaint.

7

We have considered Rivera's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court