24-2394-cv
*Spencer v. Omega Lab'ys Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of September, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges*.

---

JAHQUAN SPENCER, individually, BERNADINE COOLEY, individually,

> *Plaintiffs-Appellants*,

S.S., a minor by, Z.S1, a minor by, Z.S2, a minor by Jahquan Spencer and Bernadine Cooley their natural guardian parents,

> *Plaintiffs*,

v.                                                                          24-2394-cv

OMEGA LABORATORIES, INC., BILL CORI, PATRICK MINO, DAVID ENGELHART, JESSICA WEIGEL, CHRIS SCHMIDT,

> *Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS:      JAHQUAN SPENCER, *pro se*, Port Washington, New York.

Bernadine Cooley, *pro se*, Port Washington, New York.

FOR DEFENDANTS-APPELLEES:      D. FAYE CALDWELL, Caldwell Everson P.L.L.C., Houston, Texas.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 16, 2024, is **AFFIRMED**.

Plaintiffs-Appellants Jahquan Spencer and Bernadine Cooley, proceeding *pro se*, appeal from the district court's judgment, dismissing their action against Defendants-Appellees Omega Laboratories, Inc. and five of its employees (collectively, "Omega") for failure to state a claim under New York law. This case arises from several drug tests that Spencer and Cooley took in connection with New York State family court proceedings that reported allegedly false positive results for cocaine.[1] Spencer and Cooley allege that, among other things, Omega conducted the tests in a negligent manner and this conduct inflicted emotional distress on them.[2] Omega moved to dismiss the amended complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, concluding that the amended complaint

---

[1] This action is one of five similar actions brought by Spencer, each arising out of allegedly false positive drug tests.

[2] Spencer and Cooley's three minor children were also named plaintiffs; however, only Spencer and Cooley appealed.

did not plausibly allege a claim for negligence or negligent infliction of emotional distress.[3] *See Spencer v. Omega Lab'ys Inc.*, No. 20-cv-3747 (JMA) (ARL), 2024 WL 3675856, *11–22 (E.D.N.Y. Aug. 6, 2024). We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review [anew] a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* This Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks and citation omitted).

For the substantially same reasons identified by the district court, we agree that Spencer and Cooley failed to state a claim for negligence or negligent infliction of emotional distress under New York law. "In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty

---

[3] The amended complaint also asserted claims for fraud, fraudulent concealment, and conspiracy to commit fraud. On appeal, Spencer and Cooley do not raise any arguments challenging the district court's determination that they failed to state those claims as a matter of law. They have therefore abandoned any related arguments. *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021).

3

owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016) (internal quotation marks and citation omitted). "To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021) (citing *Ornstein v. N.Y.C. Health & Hosps. Corp.*, 10 N.Y.3d 1, 6 (2008) and *Taggart v. Costabile*, 14 N.Y.S.3d 388, 395–96 (2d Dep't 2015)).

Spencer and Cooley failed to plausibly allege the requisite breach of a duty of care for both their negligence and negligent infliction of emotional distress claims. We recognize that the New York Court of Appeals has held that "a drug testing laboratory can be liable to a test subject under the common law for negligent testing of a biological sample." *Pasternack*, 27 N.Y.3d at 825–26. **However, that "holding regarding a duty of care owed by the laboratory to the plaintiff [is] limited to those circumstances" where "a drug laboratory[] fail[s] to adhere to professionally accepted scientific testing standards in the testing of the biological sample."** *Id.* at 826 (alteration adopted) (internal quotation marks and citation omitted).

In the amended complaint, Spencer and Cooley raised several alleged discrepancies and irregularities in their November 2017 hair tests, Cooley's July 2018 hair test, and Spencer's September 2018 hair test, all of which returned positive. For example, they alleged that identifying information on the chain-of-custody forms was suppressed on some versions and not others, that the time of day one of the samples was collected was missing from a form, and that the results for one of the tests were delayed. These allegations are insufficient to plausibly support Spencer and Cooley's claims that the scientific testing of the hair samples had been compromised. Cooley also

4

challenged her July 2018 positive hair test on the basis that her August 2018 hair test was negative. However, as the district court correctly explained, the August 2018 negative test did not plausibly suggest negligence in the testing of the July 2018 sample because, among other reasons, the August 2018 hair sample was collected five weeks after the July sample, the July and August samples were tested in different ways, and, although the August test was negative, it still detected low levels of cocaine. **In sum, Spencer and Cooley failed to plausibly allege that the defendants "fail[ed] to adhere to professionally accepted scientific testing standards in the testing of the biological sample."** *Id.* Thus, the district court properly dismissed the negligence and negligent infliction of emotional distress claims against Omega.

*          *          *

We have considered Spencer and Cooley's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court