*Bruzzese v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-six.

**PRESENT:**
        **REENA RAGGI,**
        **ALISON J. NATHAN,**
           *Circuit Judges.*
        **JESSE M. FURMAN,**
           *District Judge.*\*

_____

**Adam Bruzzese,**

        *Plaintiff-Appellant,*

      **v.**                                **25-146**

_____

\* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

**Pamela Bondi, United States Attorney General,**

       *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          ADAM BRUZZESE, pro se, Farmingdale, NY.

FOR DEFENDANT-APPELLEE:          VARUNI NELSON, David A. Cooper, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 20, 2024 judgment of the district court is **AFFIRMED**.

Adam Bruzzese, pro se, appeals from the district court's order denying his motion for relief pursuant to Federal Rule of Civil Procedure 60. In 2013, Bruzzese sued the Attorney General, claiming that his reassignment from a law enforcement

position within the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to a non-law enforcement position within the agency violated the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* In 2016, the district court granted the defendant's motion for summary judgment because Bruzzese had failed to show that he was a covered "individual with a disability" under the statute or "otherwise qualified" for his original position, *id.* § 794(a), and even if he had, Bruzzese's supervisor had established legitimate, non-pretextual reasons for reassigning him, *see Bruzzese v. Lynch*, 191 F. Supp. 3d 237 (E.D.N.Y. 2016). This Court affirmed. *See Bruzzese v. Sessions*, 725 F. App'x 68 (2d Cir. 2018).

Nearly eight years after the district court's 2016 judgment, Bruzzese moved for relief from that judgment pursuant to Federal Rules of Civil Procedure 60(b)(6), (d)(1), and (d)(3). This marks Bruzzese's third attempt to attain post-judgment relief from the 2016 order.[1] He claims in the instant motion that ATF in 2023 referred an unnamed law enforcement agent, "GS1," to a psychological fitness evaluation, but that GS1—unlike Bruzzese—was returned to his previous law

---

[1] *See Bruzzese v. Garland,* No. 13-cv-5733, 2021 WL 1964547 (E.D.N.Y. May 17, 2021), *aff'd,* No. 21-1448, 2022 WL 1669191 (2d Cir. May 26, 2022); *Bruzzese v. Dettelbach,* No. 22-cv-7948, 2023 WL 7448757 (E.D.N.Y. Feb. 15, 2023), *aff'd,* No. 23-239, 2023 WL 7391658 (2d Cir. Nov. 8, 2023).

enforcement position after the evaluation, demonstrating that the agency's reassignment of Bruzzese was pretextual and violated due process. Appellant's Br. at 9–10.

The district court denied Bruzzese's motion. First, it concluded that Bruzzese could not use Rule 60(b)(6) to repeat arguments that had been raised and rejected in prior proceedings. *See Bruzzese v. Garland*, No. 13-cv-5733, 2024 WL 5347130, at *4 (E.D.N.Y. Nov. 20, 2024). Second, it dismissed his Rules 60(d)(1) and (d)(3) arguments because Bruzzese failed to allege sufficient facts to meet the more stringent standards applicable to those Rules. *See id.* at *4–5. We agree. We assume the parties' familiarity with the underlying facts and proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review the district court's Rule 60 decision for abuse of discretion." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009); *see also Marco Destin, Inc. v. Levy*, 111 F.4th 214, 219 (2d Cir. 2024) ("[W]e review the grant or dismissal of an independent action for fraud on the court under Rule 60(d)(3) for abuse of discretion.").[2]

---

[2] The only exception to this general rule is the district court's decision on a Rule 60(b)(4) motion for relief from a void judgment, which we review *de novo*. *See Cent. Vermont Pub.*

4

Rule 60(b)(6) may be successfully invoked only when the plaintiff demonstrates "extraordinary circumstances" justifying relief. *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (internal quotations omitted). Rules 60(d)(1) and (d)(3), for their parts, provide that a court may "entertain an independent action to relieve a party from a judgment," Fed. R. Civ. P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3), but both come with demanding requirements for the movant. An "independent action" under Rule 60(d)(1) is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). And "fraud on the court" under Rule 60(d)(3) requires a showing that "the defendant interfered with the judicial system's ability to adjudicate impartially and that the acts of the defendant [were] of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense." *Mazzei v. The Money Store*, 62 F.4th 88, 93–94 (2d Cir. 2023).

Construing Bruzzese's pro se motion and brief to raise the strongest arguments they suggest, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156

---

*Serv. Corp. v. Herbert,* 341 F.3d 186, 189 (2d Cir. 2003). Although Bruzzese claims that *de novo* review applies here, he does not cite Rule 60(b)(4) as grounds for relief in his brief, nor did he cite that Rule in his motion before the district court.

(2d Cir. 2017), we conclude that the district court did not abuse its discretion by denying Bruzzese's Rule 60 motion. First, Bruzzese's motion does not present the extraordinary circumstances required to justify relief under Rule 60(b)(6). Instead, his motion largely focuses on ATF's alleged due process violation—an argument that he has already made, and one that multiple courts have since rejected. *See, e.g., Bruzzese*, 2021 WL 1964547, *aff'd*, 2022 WL 1669191. A party may not use Rule 60(b) to relitigate matters already resolved by the district court. *See Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986) *(*"Rule 60(b) is not a substitute for appeal."). Therefore, the district court did not abuse its discretion in denying Bruzzese's Rule 60(b)(6) motion.[3]

Bruzzese's motion also does not establish a "grave miscarriage of justice" for the purposes of Rule 60(d)(1), *Beggerly*, 524 U.S. at 47, nor allege "fraud on the court" for the purposes of Rule 60(d)(3). Because Bruzzese failed to demonstrate

---

[3] The district court also construed Bruzzese's motion as one made based on "newly discovered evidence" pursuant to Rule 60(b)(2) and rejected it on those grounds as well. *See Bruzzese*, 2024 WL 5347130, at *4. Bruzzese argues that this construction was error, because he could not have discovered the GS1 incident—which occurred in 2023—before the district court's decision on summary judgment in 2016. We need not reach that argument, as we hold that the district court correctly dismissed Bruzzese's motion on Rule 60(b)(6) grounds.

6

extraordinary circumstances under Rule 60(b)(6), he also fails to meet the "demanding standard" of a "grave miscarriage of justice" required by Rule 60(d)(1). *Id.* And Bruzzese's argument as to fraud on the court—that the 2023 evidence, if available at summary judgment, would have proven that ATF acted pretextually when reassigning him—is merely a repackaged version of Bruzzese's merits argument, not a colorable claim "that the defendant interfered with the judicial system's ability to adjudicate impartially[.]" *Mazzei*, 62 F.4th at 93–94. Bruzzese does not allege that ATF's actions in the district court have "seriously affect[ed] the integrity of the normal process of adjudication," nor could he. *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (internal quotations omitted). Thus, we find that the district court did not abuse its discretion in denying these claims for relief.

As noted above, this is Bruzzese's third attempt to attain post-judgment relief from the district court's 2016 order. Since we affirmed the original judgment in 2018, Bruzzese has filed several clearly meritless appeals arising out of his efforts to relitigate his claims. Accordingly, Bruzzese is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals relating to

his 2009 reassignment could result in the imposition of a sanction that would require him to obtain permission from this Court prior to filing any further submissions in this Court (a "leave-to-file" sanction).  *See In re Martin-Trigona*, 9 F.3d 226, 230 (2d Cir. 1993).

\*      \*      \*

We have reviewed the remaining arguments Bruzzese raised on appeal and find them to be without merit.  Accordingly, we **AFFIRM** the November 20, 2024 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court