*Vassel v. Palisades Funding Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-four.

Present:
>DEBRA ANN LIVINGSTON,
>>*Chief Judge*,
>DENNIS JACOBS,
>STEVEN J. MENASHI,
>>*Circuit Judges*,

_____

PAUL ANTHONY VASSEL,

>*Plaintiff-Appellant*,

>v. 23-7340

POLICE OFFICER GREGORY NUZZI, WILLFREDO TORO, DETECTIVE RICHARD NATHANIEL, SERGEANT JUDE REIMBEAU, PALISADES FUNDING CORP., JOHN DOE 1, POLICE DOE 1,

>*Defendants-Appellees*,

MICHAEL JORDAN; VICTORIA VANDERGIFT; QUEENS NATIONAL AUTO GROUP, CORP.; OFFER BEN MOSHE; ASHLEY CHAVEZ; SUCCESSORS/ASSIGNS; DOES 1−100; NEW YORK CITY POLICE DEPARTMENT; CITY OF NEW YORK, QUEENS COUNTY; POLICE DOES 2−10; JAMES PATRICK O'NEILL, JR. D/B/A POLICE COMMISSIONER OF NYC; 105TH PRECINCT; JOHN

DOES 2−10; DEPUTY INSPECTOR NETEIS GILBERT,
                            *Defendants.*

_____

For Plaintiff-Appellant:            PAUL VASSEL, *pro se*, Jamaica, NY.

For Defendant-Appellee              BRUCE W. MINSKY, Law Offices of Bruce W. Minsky
Palisades Funding Corporation:      New Hempstead, NY.

For Defendant-Appellee              WILLFREDO TORO, *pro se*, Montville, NJ.
Willfredo Toro:

For City Defendants-Appellees:      CLAUDE S. PLATTON, Assistant Corporation Counsel
                                    (Julie Steiner, of counsel), *for* Muriel Goode-Trufant,
                                    Acting Corporation Counsel of the City of New York,
                                    New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Paul Anthony Vassel ("Vassel") appeals from a judgment entered by the United States District Court for the Eastern District of New York (Komitee, *J.*) on September 22, 2023, adopting and affirming the magistrate judge's report, which recommended dismissal for failure to comply with discovery requests and court orders, pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).   We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM.**

We review a court's dismissal pursuant to Rules 37 and 41(b) for an abuse of discretion. *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009).   An abuse of discretion occurs where a "district court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a

2

decision that cannot be located within the range of permissible decisions." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (citations and internal marks omitted). On appeal, Vassel contends the district court's dismissal was contrary to evidence in the record demonstrating that he complied with discovery requests and court orders.[1] We disagree.

The record makes clear that Vassel repeatedly failed to comply with discovery requests and court orders, and when he finally did, his stonewalling rendered them meaningless. Vassel ignored court orders directing him to fill out a Section 160.50 release. When he finally provided one, he rendered it defective by crossing out certain language and adding a requirement that any unsealed records be made available only within his presence. Vassel refused to submit to a deposition , failed to disclose at conference that he would be out of the country, and, during the eventual deposition, did not answer basic questions, even disobeying a court order to answer. Vassel then filibustered his deposition by feigning ignorance of basic concepts, such as judges, marriage, and place of residence. Additionally, Vassel repeatedly charged that he never received Defendants' discovery requests, despite proof that the requests were delivered to—and picked up at—his address. The district court did not abuse its discretion in dismissing the case based on Vassel's failure to comply with discovery requests and court orders.

---

[1] We construe briefs submitted by *pro se* litigants to advance the strongest arguments they suggest. *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). Because Vassel addressed neither the district court's application of the clear error standard nor its analysis of the factors germane to dismissal under Rule 37(b) and 41(b), we do not consider those issues here. *Green*, 16 F.4th at 1074; *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (declining to "manufacture claims of error" for a *pro se* appellant).

We have considered Vassel's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court