23-7532-cv
*Garcia v. Pritchard Industries*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-four.

PRESENT:
    GERARD E. LYNCH,
    EUNICE C. LEE,
    MYRNA PÉREZ,
        *Circuit Judges*.

_____

Alba Garcia,

    *Plaintiff-Appellant*,

        v.                                    23-7532

Pritchard Industries LLC, The Macquarie Group,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: ALBA GARCIA, pro se, Astoria, NY.

FOR DEFENDANTS-APPELLEES: Jerrold F. Goldberg, Greenberg Traurig, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Alba Garcia, proceeding *pro se*, brought this lawsuit against her former employer, Pritchard Industries LLC, and a related entity, The Macquarie Group, (collectively, the "defendants"), alleging discrimination, retaliation, sexual harassment, and creation of a hostile work environment. The defendants moved to dismiss, arguing that, pursuant to a collective bargaining agreement, Garcia's complaint was subject to mandatory arbitration. The district court construed the motion to dismiss as a motion to compel arbitration, granted it, and stayed the federal case pending arbitration.

2

While the case was stayed, Garcia alleged in a letter to the district court that the defense was not complying with its discovery obligations during arbitration and expressed her belief that the assigned arbitrator was biased against her. The defense disputed these allegations, attaching documents from the arbitrator pertaining to (among other things) discovery disputes and the remaining issues to be decided at the hearing.

Garcia proceeded *pro se* throughout the arbitration process. After a hearing, the arbitrator issued an opinion and final award dismissing Garcia's claims with prejudice. In the opinion, the arbitrator wrote that she went to significant lengths to explain the arbitration and discovery process to Garcia and informed Garcia that, as arbitrator, she was unable to provide Garcia with legal advice or assist Garcia with the presentation of her case.

After the arbitrator dismissed Garcia's case, the district court, via a short order, dissolved the stay and dismissed the federal case. Garcia appealed the district court's order dissolving the stay and dismissing her case. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

The Federal Arbitration Act provides that a party to an arbitration may seek to vacate an arbitral award by filing a motion to vacate with the relevant district court. 9 U.S.C. § 10(a). Here, however, the record does not reflect that Garcia asked the district court to vacate the arbitrator's decision against her. She did not oppose Pritchard's request to dismiss the case or ask the district court to reopen the case following the dismissal. Instead, she filed a notice of appeal of the dismissal order approximately a month after the order was entered, asking this court to vacate both the dismissal and the arbitrator's award. As a result, we have no substantive vacatur decision to review. Because the dismissal order was issued on September 28, 2023, and the arbitration award was issued on September 14, 2023, time has run for Garcia to seek relief at the district court level from either the dismissal order under Rule 60 or the arbitral award under 9 U.S.C. § 10(a). *See* Fed. R. Civ. Pro 60(c) (providing that a party may seek relief from an order within one year of the order's issuance); 9 U.S.C. § 12 (requiring notice of motion to vacate be served on the adverse party within three months after an arbitral award is filed or delivered). Nevertheless, in the interest of completeness, we address the merits of Garcia's arguments, which would have been unsuccessful even if they had been

4

properly raised below. [1]

In an appeal of a district court judgment confirming or vacating an arbitration award, we review legal conclusions de novo and findings of fact for clear error. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103 (2d Cir. 2013). "The role of a district court in reviewing an arbitration award is narrowly limited and arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act." *Id.* (internal quotation marks and alterations omitted). Accordingly, an award should be enforced so long as there is some "colorable justification for the outcome." *Id.* at 103–04. By contrast, the grounds for vacatur are narrow, reaching awards that are the product of corruption, evident partiality, misconduct or misbehavior, or an excess of jurisdiction. 9 U.S.C. § 10(a). Because Garcia is proceeding *pro se*, her submissions are liberally construed "to raise the strongest arguments they

---

[1] Garcia does not challenge the applicability of the Federal Arbitration Act or the district court's ruling that the collective bargaining agreement required arbitration in this case. Therefore, Garcia has abandoned these issues, and we need not consider them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). And while Garcia's brief otherwise focuses on the merits of her claims, judicial review of an arbitration decision does not "provide parties with a[n] . . . opportunity to relitigate the merits of their dispute." *Trustees of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 609 n.21 (2d Cir. 2024).

suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)).

**Partiality**

Garcia argues that the arbitrator was not neutral and allowed the defendants to avoid complying with discovery, rendering the arbitration unfair. The district court may vacate an arbitration award under 9 U.S.C. § 10(a) where a party proves by clear and convincing evidence that "there was evident partiality … in the arbitrator." *Certain Underwriting Members of Lloyds of London v. Fla., Dep't of Fin. Servs.*, 892 F.3d 501, 505 (2d Cir. 2018). There is evident partiality in the arbitrator when "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Id.*

Garcia has failed to demonstrate that there was evident partiality in the arbitrator. The arbitrator's letters and final opinion suggest a fair discovery process, with the arbitrator thoroughly explaining the process to the parties and spending time addressing each of Garcia's discovery requests. Meanwhile, the comments allegedly made by the arbitrator—which pertained to the lack of merit of Garcia's case and the arbitrator's (appropriate) refusal to act as Garcia's lawyer—do not reflect actionable bias. "[J]udicial remarks during the course

6

of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," unless they reflect "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The alleged remarks fell well short of this standard. Therefore, the district court did not err in dismissing the case, despite Garcia's claims of partiality.

**Fundamental Fairness**

To the extent that Garcia is also making a procedural argument that she was wrongly prohibited from obtaining evidentiary materials in discovery or deprived of an adequate translator in a pre-arbitration meeting, her argument fails because she does not show a violation of fundamental fairness. The district court may vacate an arbitration award based on the arbitrator "refusing to hear evidence pertinent and material to the controversy; or [] any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "It is well settled that procedural questions that arise during arbitration, such as which witnesses to hear and which evidence to receive or exclude, are left to the sound discretion of the arbitrator and should not be second-guessed by the courts." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 545 (2d Cir.

7

2016). Further, "[a]rbitrators do not need to comply with strict evidentiary rules, and they possess substantial discretion to admit or exclude evidence." *Id.* (internal quotation marks omitted).

Garcia does not indicate what discovery was missing and whether the arbitrator refused to hear pertinent evidence. Assuming that discovery was missing, Garcia does not explain how the exclusion of the evidence rendered the discovery process unfair. And although Garcia alleged that she was not provided an adequate translator at one pre-arbitration discovery meeting, her concern that as a result the arbitrator "may not [have been] able to adequately understand [her discovery] requests" is undercut by the arbitrator's thoughtful handling of those requests, as discussed above. Reply Br. at 3. The record also reflects that a translator was present at the arbitration itself, and that the arbitrator attentively reviewed Garcia's testimony there. As a result, the record indicates that the arbitrator engaged in a fair discovery process and arbitration hearing. Because "vacatur is warranted in such a circumstance only if fundamental fairness is violated," *id.* (internal quotation marks omitted), vacatur is not warranted here.

\* \* \*

We have considered Garcia's remaining arguments and conclude they are without merit.[2] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] This Court denied Garcia's motion to introduce new evidence on November 20, 2024.