23-6478-cv
*Chimney v. Feder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

Roger Chimney,

> *Plaintiff-Appellant*,

> v.                                                                23-6478

I. Feder, Dr., Sued in their Individual and Official capacity, Jones, Mrs., Medical Supervisor, Sued in their Individual capacity, Sandra Charles, APRN, Sued in their Individual capacity, Deborah Broadly, RN, Sued in their Individual capacity, K. Collins, Nurse, Sued in their Individual capacity, Jane Ventrella,

> *Defendants-Appellees*,

Angel Quiros, Commissioner, Sued in their Individual and Official capacity, Collen Gallagher, Director of Medical, Sued in their Individual and Official capacity, Washington, Deputy Warden, Sued in their Individual and Official capacity, Ricardo Ruiz, Dr., Sued in their Individual and Official capacity, Jane Doe, 1, Nurse, Sued in their Individual capacity, Jean Caplan, Nurse, Sued in their Individual capacity, Jane Doe, 2, Medical Supervisor, Sued in their Individual capacity, Jane Doe, 3, Nurse, Sued in their Individual capacity, Amy, Nurse, Sued in their Individual capacity, Kayla, Nurse, Sued in their Individual capacity, Christine, Nurse, Sued in their Individual capacity, Ann, Nurse, Sued in their Individual capacity, Jane, Nurse, Sued in their Individual capacity, Paul, Nurse, Sued in their Individual capacity, Ame, Osborn C.I,-Nurse, Sued in their Individual capacity,

*Defendants.*

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Roger Chimney, *pro se*, Hartford, CT. |
| FOR DEFENDANTS-APPELLEES INGRID FEDER, SHAINA JONES, DEBORAH BROADLY, KAY COLLINS, JANE VENTRELLA: | William Tong, Jacob McChesney, Attorney General's Office, Hartford, CT. |
| FOR DEFENDANT-APPELLEE SANDRA CHARLES: | Robert D. Laurie, Edward W. Mayer, Jr., Gfeller Laurie LLP, West Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Roger Chimney, incarcerated and proceeding *pro se*, appeals the district court's judgment granting summary judgment in favor of various Connecticut prison officials with respect to his 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court "review[s] de novo a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). "Summary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

### I.     First Amendment Retaliation

Chimney argues that he was retaliated against in response to his making repeated medical complaints. Although the appellees contend that Chimney has abandoned his

3

retaliation claims, we liberally construe Chimney's brief as sufficiently raising these claims. However, the district court properly concluded that he failed to exhaust them.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 642 (2016). "The PLRA's exhaustion requirement is . . . not dissimilar to the rules of notice pleading, which prescribe that a complaint must contain allegations sufficient to alert the defendants to the nature of the claim and to allow them to defend against it." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (quotation marks and citation omitted).

Chimney submitted two exhausted grievances to the district court. Although the grievances alleged inadequate and delayed medical treatment, neither asserted that prison staff had refused to provide medical care in retaliation for his requests for help. Thus, the district court was correct that Chimney did not show that he exhausted his retaliation claims because the grievances were not sufficient to alert prison staff that he was alleging retaliation for his medical complaints. *See id.*

## II. Deliberate Indifference to Medical Needs

The standard applicable to Chimney's deliberate indifference claims depends on whether he was a pre-trial detainee, governed by the Fourteenth Amendment, or a convicted prisoner, governed by the Eighth Amendment. In either context, Chimney

4

must show a deprivation that is sufficiently serious. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (Eighth Amendment); *Darnell v. Pineiro*, 849 F.3d 17, 29-30 (2d Cir. 2017) (Fourteenth Amendment).

But the standards require different mens rea: under the Eighth Amendment, the prison official must be subjectively aware of a substantial risk of harm, *Salahuddin v. Goord*, 467 F.3d 263, 280-81 (2d Cir. 2006), while under the Fourteenth Amendment's due process standard, an official need "not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm," *Darnell*, 849 F.3d at 35. Under either standard, "mere negligence" is insufficient. *Id.* at 36.

Chimney was a sentenced inmate during some of the period at issue, and his brief is framed as raising claims under the Eighth Amendment. But even applying the less demanding due process standard, Chimney has not shown that the district court was wrong to grant summary judgment on the deliberate indifference claims.

As with his retaliation claims, the appellees argue that Chimney abandoned any challenge to the district court's deliberate indifference rulings. We construe him as sufficiently challenging that decision, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017) (per curiam), but nonetheless affirm the district court's decision.

5

In opposition to summary judgment, Chimney generally denied the statements in the appellees' declarations. The district court properly concluded that these broad denials were insufficient to create a genuine dispute of fact. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) ("Once the moving party has made a properly supported showing sufficient to suggest the absence of any genuine issue as to a material fact, the nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his favor.").

Chimney did not otherwise show that summary judgment was improper. He asserted that a nurse did not provide treatment when an ultrasound showed a cyst behind his knee, but there was no evidence that this was a sufficiently serious medical condition. Nor does anything in the record suggest that the nurse knew or should have known that the cyst "posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Insofar as Chimney disagreed about the appropriate treatment, the nurse's conduct did not rise to a constitutional violation. *See Darby v. Greenman*, 14 F.4th 124, 129 (2d Cir. 2021).

Likewise, he asserted that when he arrived at a facility, he was not seen by a nurse "until []after 2 days of complaining of not receiving medication," despite his high blood pressure and diabetes. However, there was no evidence that Chimney suffered any injury from this delay, or that the nurse knew or should have known that he was not

6

receiving his medicine and was at risk of harm. *See Smith v. Carpenter*, 316 F.3d 178, 185–86 (2d Cir. 2003).

Further, although Chimney asserted that a doctor once ignored his chest pain, his conclusory assertion of "chest pains" was likely insufficient to raise a genuine dispute of fact. Moreover, there is no evidence suggesting that the doctor's one-time refusal to examine Chimney was a deprivation of medical care that posed "an unreasonable risk of serious damage to his health," *Darnell*, 849 F.3d at 30 (quotation marks omitted).

Finally, Chimney argues that the court erred by holding oral argument on the motion, and improperly granted summary judgment based on the "non clarity" of his responses at oral argument. The district court, however, did not mention oral argument in its summary judgment denial, and Chimney has not shown how the oral argument harmed his case.

We have considered all of Chimney's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7