24-853-cv
*Alexander v. Private Protective Services, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

JERIEL ALEXANDER,

> *Plaintiff-Appellant,*

> v.                                                                No. 24-853-cv

PRIVATE PROTECTIVE SERVICES, INC.,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:           Jeriel Alexander, pro se, Yonkers, NY.

FOR DEFENDANT-APPELLEE:         Howard L. Bressler, Ryan A. Madden, Kasowitz Benson Torres LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*; Aaron, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part.

Jeriel Alexander, representing himself *pro se*, appeals the district court's March 4, 2024, judgment in favor of Private Protective Services ("PPS"). Alexander sued PPS alleging that a PPS employee discriminated against him on the basis of his race by denying him entry to a shoot of a reality television series at "Pier 132" in New York City, where he had been invited to work as an "extra."

Alexander's first amended complaint relied on Title II of the Civil Rights Act and sought money damages. PPS moved under Federal Rule of Civil

2

Procedure 12(b)(6) to dismiss the first amended complaint for failure to state a claim and to recover attorney's fees under 42 U.S.C. § 2000a-3, arguing that Alexander's Title II claim was frivolous because money damages were unavailable under Title II. In response, Alexander moved to file a second amended complaint that identified 42 U.S.C. § 1981, state law provisions, and the New York City Human Rights Laws ("NYCHRL"), rather than Title II, as the basis for his claims.

The district court granted PPS's motion to dismiss and for attorneys' fees, denied as futile Alexander's motion to add claims under § 1981 and state law provisions, and granted Alexander leave to amend only with respect to his NYCHRL claim. *Alexander v. Private Protective Services, Inc.*, 19-cv-10004, 2022 WL 1567447 (S.D.N.Y. May 18, 2022) (adopting magistrate judge's Report and Recommendation (R&R) in *Alexander v. Private Protective Services, Inc.*, 19-cv-10004, 2021 WL 8445829 (S.D.N.Y. Nov. 24, 2021)). The district court awarded PPS $16,760.00 in attorney's fees from Alexander. *Alexander v. Private Protective Services, Inc.*, 19-cv-10004, 2022 WL 16555312 (S.D.N.Y. Oct. 31, 2022) (adopting magistrate judge's R&R in *Alexander v. Private Protective Services, Inc.*, 19-cv-10004, 2022 WL 16555970 (S.D.N.Y. June 24, 2022)). The district court later granted PPS

summary judgment on the remaining NYCHRL claim. *Alexander v. Private Protective Services, Inc.*, 19-cv-10004, 2024 WL 911945 (S.D.N.Y. Mar. 4, 2024) (adopting magistrate judge's R&R in *Alexander v. Private Protective Services, Inc.*, 19-cv-10004, 2023 WL 8174221 (S.D.N.Y. Nov. 2, 2023)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Considering Alexander's challenges on appeal, we conclude that the district court exceeded its discretion in granting PPS's motion for attorney's fees, but uphold the district court's dismissal of Alexander's § 1981 claim and its award of summary judgment to PPS on his NYCHRL claim.

### I. Attorney's Fees

"We review a district court's award for attorney's fees, expenses, and costs for abuse of discretion." *H.C. v. New York City Department of Education.*, 71 F.4th 120, 125 (2d Cir. 2023).[1] In an action under 42 U.S.C. § 2000a-3(b), "the court, in its discretion, may allow the prevailing party, other than the United States, a

---

[1] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

reasonable attorney's fee as part of the costs." However, the court should not award attorney's fees to a prevailing defendant unless it finds that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (discussing fee-shifting under 42 U.S.C. § 2000e–5(k)); *see Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989) (substantially similar language found in 42 U.S.C. § 2000e–5(k), 42 U.S.C. § 2000a–3(b), and 42 U.S.C. § 1988 "is a strong indication that they are to be interpreted alike"). And "[a]n unrepresented litigant should not be punished for . . . failure to recognize subtle factual or legal deficiencies in" claims. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (concluding that § 1988 fee award against self-represented prisoner was not warranted); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The legislative history of § 1988 indicates that Congress intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act.").

We vacate the district court's fee award for two reasons. First, the district court concluded that Alexander's claim for damages was frivolous because money

damages are not recoverable under Title II. However, "the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Rather, factual allegations alone are what matters." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017). This principle "carries particular force where a pro se litigant is involved." *Id.* Here, Alexander's factual allegations were not frivolous. In fact, his claim under NYCHRL—arising from the same allegations—ultimately proceeded to summary judgment.

Second, the district court emphasized that Alexander failed to voluntarily withdraw the Title II claim after the district court, in an order setting aside PPS's default, noted that money damages were not available under Title II. But PPS filed a motion to dismiss on this basis within two weeks of the district court's order setting aside its default, and Alexander responded by moving for leave to file a second amended complaint that omitted the Title II claim and added other state and federal claims in its stead. Accordingly, Alexander did not "continue[] to litigate" a Title II claim after it "clearly became" frivolous, unreasonable or groundless. *See Christiansburg*, 434 U.S. at 422.

## II.    § 1981 Claim

6

"We generally review a district court's decision to permit or deny leave to amend a complaint for abuse of discretion, keeping in mind that leave to amend should be freely granted when justice so requires." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). But "when denial of leave to file a revised pleading is based on a legal interpretation, such as futility," we review the district court's legal determination without deference. *Id.* "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Id.* at 164–65. "In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 165.

We may affirm the district court's judgment for PPS "on any basis for which there is sufficient support in the record, including grounds not relied on by the district court." *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014) (affirming district court's denial of leave to amend on grounds other than those cited by district court); *Hutchison v. Deutsche Bank Securities, Inc.*, 647 F.3d 479, 491 (2d Cir. 2011) (same). Though the district court denied Alexander leave to amend

7

on the basis of futility at the *pleading* stage, Alexander's discrimination claims under the NYCHRL proceeded to summary judgment. Because, as set forth below, he failed to establish a triable case of race discrimination, we affirm the district court's denial of leave to amend to add the § 1981 claim on that basis. *Cf. Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110-11 (2d Cir. 2001) (applying summary judgment standard to a motion for leave to amend at the summary judgment stage).

### III. NYCHRL Claim

We review a decision granting summary judgment "by looking at the facts of a case anew, resolving all ambiguities and drawing all permissible factual inferences in favor of the non-moving party." *Peoples v. Leon*, 63 F.4th 132, 137 (2d Cir. 2023). "Summary judgment is appropriate only in cases where no genuine dispute of material fact exists, and judgment can be made as a matter of law." *Id.*

The district court properly granted PPS's motion for summary judgment with respect to Alexander's NYCHRL claim. We affirm on the alternative basis that Alexander failed to create a genuine dispute of material fact that he was denied entry to the shoot based on his race. Because Alexander did not oppose

8

PPS's statements of undisputed material facts, we accept them as true. The film shoot at issue was for the VH1 show "Love & Hip Hop," which caters primarily to Black and Indigenous viewers. The majority of attendees at the shoot were Black and other people of color. By the time Alexander arrived at the shoot, capacity for extras had been met. Alexander had history with PPS as a former employee; he left his security guard position less than a year before the shoot. The hiring packet Alexander signed when he joined PPS included the statement: "For a period of 5 years immediately following the termination of my employment with PPS Inc., I shall not seek employment or work for any PPS Inc. customers." Def.'s Rule 56.1 Statement ¶ 8, *Alexander v. Private Protective Services, Inc.*, No. 19-cv-10004 (S.D.N.Y. May 8, 2023), Dkt. No. 135.[2] The production company running the VH1 shoot was a customer of PPS. On these facts, no reasonable jury could conclude that Alexander was denied entry to the shoot because he is a Black man.

---

[2] We express no opinion as to whether this agreement does, in fact, extend to the kind of "extra" work Alexander sought here. We cite this agreement only as evidence of PPS's asserted legitimate reason for excluding Alexander. *See Ya-Chen Chen v. City University of New York*, 805 F.3d 59, 75 (2d Cir. 2015).

We have considered Alexander's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment in part and **VACATE** the judgment in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court